UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00082-GNS-LLK

TARA ANN W.                                                                                    PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                                        DEFENDANT

## ORDER

This matter is before the Court on the Commissioner's Objection (DN 14) to the Magistrate Judge's Report and Recommendation (DN 13).

### I.   BACKGROUND

On October 21, 2021, Plaintiff Tara Ann W. ("Plaintiff") filed a protective Title II application for disability and disability insurance benefits. (Admin. R. 17, DN 8). On April 30, 2022, she subsequently filed a protective Title XVI application for supplemental security benefits. (Admin. R. 17). Plaintiff alleged that her disability began on February 6, 2021, due to "blind or low vision, past back surgery rods, screws, and plates bone graph, ADHD, lumpectomy, anxiety, depression, scoliosis, migraines, and kidney stones[.]" (Admin. R. 63). Her applications were denied initially and again upon reconsideration. (Admin. R. 62-97). Plaintiff then requested and was granted a hearing with an Administrative Law Judge ("ALJ"). (Admin. R. 17).

Following the hearing, the ALJ issued a written decision determining that Plaintiff was not under a disability from February 6, 2021, through the date of the ALJ's decision. (Admin. R.

29). After Plaintiff's request for review of the ALJ's decision was denied, the ALJ's decision became the final decision of the Commissioner of Social Security. (Admin. R. 1). Plaintiff then filed this action appealing that decision. (Compl., DN 1). The matter was then referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (R. & R. 1, DN 13). The Magistrate Judge filed a Report and Recommendation ("R. & R.") finding that the ALJ's decision should be remanded to the Commissioner for a new decision and further administrative proceedings, as necessary. (R. & R. 15). The Commissioner objected to the R. & R. (Def.'s Obj. R. & R., DN 14 [hereinafter Def.'s Obj.].

## II.  STANDARD OF REVIEW

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion . . . ." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id*. (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). When presented

with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error. *Id.*; *accord Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. 2002))). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Upon review of the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider: "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

### III. DISCUSSION

A. Issue No. 1

The Commissioner contends that the Magistrate Judge erroneously concluded that the ALJ's explanation was insufficient to justify a finding that the opinion of Jerome Dixon, D.O. ("Dr. Dixon") was unpersuasive. (Def.'s Obj. 1-5).

Because Plaintiff's claims were filed on or after March 27, 2017, the new rules for medical opinions in 20 C.F.R. §§ 404.1520c and 416.920c apply in this case. As this Court has noted:

> Administrative Law Judges [] [] evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.

*Blenda L. v. O'Malley*, No. 1:23-CV-00098-GNS-HBB, 2024 WL 37410163, at *4 (W.D. Ky. May 30, 2024) (20 C.F.R. § 404.1520c(c)(1)-(5)). Under these regulations, supportability and consistency are "the most important factors" when considering the weight accorded a medical source's medical opinions. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c. In addition, ALJs must explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

With respect to supportability, these regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

4

persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  In short, supportability "refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source." *Chaney*, 2022 WL 3586213, at *3 (citations omitted).  With respect to consistency, these regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)

In the R. & R., the Magistrate Judge examined whether the ALJ had considered both the supportability and consistency of Dr. Dixon's medical opinions.  (R. & R. 11-12).  In particular, the ALJ explained regarding Dr. Dixon's assessment:

> This assessment is not supported by the evidence of record, including Dr. Dixon's own treatment notes. Specifically, on the date that he completed the opinion form, treatment notes document decreased range of motion with chronic pain as well tenderness in her back (Ex 15F p.4).  Other treatment records from 2022 document similar findings (Ex 15F). While limitations are warranted due to her history of back pain, ongoing symptoms, and evidence of possible future surgeries, such findings do not support the significant limitations identified in the form (Ex 11F).  Likewise, this assessment is not consistent with the longitudinal record, which does not indicate any more significant treatment beyond routine follow-up visits for her back pain, nor any emergency department visits in connection with significantly elevated or worsening back pain.  There is some indication that she will require additional operations; however, there is little indication that she is altogether precluded from work activity.  Therefore, this assessment is not considered
> persuasive.

(Admin. R. 26-27).  After considering the arguments of the parties and administrative record, the R. & R. stated that "[t]he ALJ's rejection of Dr. Dixon's assessment does not comply with the articulation requirements under 20 C.F.R. §§ 404.1520c(b)(2)[,] 416.920c(b)(2)."  (R. & R. 12).

5

In objecting to the R. & R., the Commissioner makes arguments in the same vein as its briefing to the Magistrate Judge. Based on the Court's review, the Magistrate Judge did not err in recommending a remand to the ALJ on this issue. The objection is overruled on this basis.

### B. Issue No. 2

The Commissioner also argues that the Magistrate Judge erred in finding that the ALJ failed to articulate a sufficient explanation justifying the finding that the opinion of Julie Joseph-Fox, M.A. ("Joseph-Fox"), a consultative psychological examiner, was not fully persuasive. (Def.'s Obj. 5-8). In particular, the ALJ explained:

> In January 2022, the consultative psychological examiner met with the claimant and opined the following: mild impairment in her ability to demonstrate adequate attention to perform simple, repetitive tasks and to engage appropriately; moderate impairment as to her tolerance for activities required during the evaluation; and mild impairment in her ability to relate to others, including siblings, workers, or supervisors (Ex 18F). This was partially supported by the claimant's subjective reports made during the examination, including her activities of daily living and issues with respect to concentration, which she attributed to her ADHD (Ex 18F). As for the moderate impairment with respect to her tolerance of the activities required during the evaluation, this appears to be supported by her irritation when encouraged to answer some items; however, this is not consistent with the longitudinal record, which demonstrates little issue with the claimant's ability to handle her activities of daily living (Ex 6E; 17F; 18F). Moreover, as previously noted, even in the absence of routine mental health treatment beyond medications, clinical findings were generally unremarkable during treatment visits without indication of irritation observed during other medical visits (Ex 6F p. 2; 15F p. 5). Otherwise, this assessment is considered less persuasive.

(Admin. R. 22). The Magistrate Judge similarly addressed the arguments relating to this issue and found the ALJ's reasoning deficient as to Joseph-Fox. (R. & R. 12-15). After considering the Commissioner's argument and reviewing the record, the ALJ's reasoning lacks sufficient explanation to support this finding consistent with the applicable regulations, and the R. & R. did not err in recommending remand on this issue. The objection is also overruled on this basis.

6

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Commissioner's Objection (DN 14) is **OVERRULED**, the Magistrate Judge's Report and Recommendation (DN 13) is **ADOPTED**, judgment is **GRANTED** for Plaintiff, and this matter is **REMANDED** to the Commissioner for further proceedings. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 10, 2025

cc: counsel of record

7